**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Gene Huguenin, Jr.,<br><br>   Plaintiff,<br><br>vs.<br><br>Richland County; Crayman Harvey, in his individual and official capacities; Jane Doe Detention Officer, in her individual capacity; and John Doe Detention Officer, in his individual capacity,<br><br>   Defendants. | C/A#: 8:25-cv-01349-RMG-WSB<br><br>**ANSWER**<br><br>**(Jury Trial Demanded)** |

  Defendants Richland County; Crayman Harvey, in his individual and official capacities; Jane Doe Detention Officer, in her individual capacity; and John Doe Detention Officer, in his individual capacity (hereinafter "Defendants"), by and through the undersigned counsel, hereby answer the Complaint of Plaintiff herein as follows:

**FOR A FIRST DEFENSE**
**(General Denial)**

  1. Each and every paragraph of Plaintiff's Complaint not hereinafter specifically admitted, qualified, or explained is denied.

  2. Paragraph 1 is admitted upon information and belief.

  3. Paragraphs 2 and 3 are admitted.

  4. Paragraphs 4 and 5 are denied.

  5. Paragraphs 6, 7, 8, and 9 state legal conclusions that require no response from Defendants. To the extent a response is required, Paragraphs 6, 7, 8, and 9 are denied and strict proof is demanded thereof.

6. Paragraph 10 is denied.

7. As to Paragraph 11, it is admitted that on March 13, 2023, Plaintiff was booked into Alvin S. Glenn Detention Center on the charges of armed robbery, kidnapping, assault and battery and possession of a weapon during a violent crime

8. Paragraphs 12 and 13 are denied.

9. As to Paragraphs 13 and 14, it is admitted that detainees of the facility had committed acts of violence against one another and detention center officers at various times since the Alvin S. Glenn Detention Center was opened. The remaining allegations of Paragraphs 13 and 14 are denied.

10. Paragraph 15 is denied.

11. Paragraph 16 is admitted.

12. Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 are denied.

13. As to Paragraph 30, it is admitted only that Plaintiff was escorted to the medical unit and taken to the emergency room to the to be checked out. The remaining allegations of Paragraph 30 are denied.

14. Paragraph 31 is denied.

15. Paragraph 32 is admitted.

16. Paragraphs, 33, 34, 35, 36, and 37 are denied.

17. As to Paragraph 38, it is admitted that the Plaintiff was housed in Lima Dorm on May 12, 2023. The remaining allegations of Paragraph 38 are denied.

18. Defendants are currently without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39, and therefore, deny same and strict proof is demanded thereof.

19. Paragraph 40 is admitted.

20. Paragraphs 41, 42, 43, 44, and 45 are denied

21. Paragraph 46 is admitted.

22. Paragraphs 47, 48, 49, 50, and 51 are denied.

23. Paragraph 52 is admitted.

24. Paragraphs 53 and 54 are denied.

25. Paragraph 55 is admitted.

26. Paragraphs 56, 57, 58, 59, and 60 are denied.

27. As to Paragraph 61, Defendants reiterate the responses to all the allegations set forth hereinabove as fully as if repeated herein verbatim.

28. As to Paragraph 62, the Defendants deny any allegations contained therein that conflict with state and federal law.

29. Paragraphs 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76 and 77 are denied.

30. As to Paragraph 78, Defendants reiterate the responses to all the allegations set forth hereinabove as fully as if repeated herein verbatim.

31. As to Paragraph 79, the Defendants deny any allegations contained therein contrary to state or federal law.

32. Paragraphs 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, and 96 are denied.

33. As to Paragraph 97, Defendants reiterate the responses to all the allegations set forth hereinabove as fully as if repeated herein verbatim.

34. As to Paragraph 98, the Defendants deny any allegations contained therein contrary to state or federal law.

35. Paragraphs 99, 100, 101, 102, 103, and 104 are denied.

36. As to Paragraph 105, Defendants reiterate the responses to all the allegations set forth hereinabove as fully as if repeated herein verbatim.

37. As to Paragraph 106, the Defendants deny any allegations contained therein contrary to state or federal law.

38. Paragraphs 107, 108, 109, 110, 111, 112, 113, and 114 are denied.

39. As to Paragraph 115, Defendants reiterate the responses to all the allegations set forth hereinabove as fully as if repeated herein verbatim.

40. Paragraph 116 is denied.

41. Paragraphs 117 and 118 are admitted.

42. As to Paragraph 119, the Defendants deny any allegation contained therein contrary to the South Carolina Tort Claims Act.

43. Paragraphs 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132 and 133 are denied.

44. The WHEREFORE Paragraph (and all of its subparts) of Plaintiff's Complaint is denied, including but not limited to any allegations which state that Plaintiff is entitled to relief of any form from Defendants.

## FOR A SECOND DEFENSE
### (12(b)(6))

45. Defendants assert that Plaintiff has failed to state facts sufficient to constitute a cause of action; therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

46. To the extent sued in their official capacity, the Defendants allege that they are not a "persons" within the meaning of 42 U.S.C. § 1983, and as such is not subject to suit.

## FOR A FOURTH DEFENSE

47. The individual Defendants at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, are entitled to immunity.

## FOR A FIFTH DEFENSE

48. The actions of the individual Defendants were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

## FOR A SIXTH DEFENSE

49. The Defendants allege upon information and belief that at all times herein that they were acting within the course and scope of their employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of their official duties, and therefore, the Defendants are immune from suit.

## FOR A SEVENTH DEFENSE

50. The Defendant Richland County, as an entity, is entitled to sovereign immunity for all claims for punitive damages. Punitive damages are not recoverable under 42 U.S.C. § 1983 against the Defendants pursuant to *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981).

## FOR AN EIGHTH DEFENSE

51. The claims asserted by the Plaintiff against the Defendants are not ripe for adjudication.

**FOR A NINTH DEFENSE**

52. The Defendants allege that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused entirely by the actions of a third party over whom the Defendants had no control and that constitutes a complete bar to the Plaintiff's recovery herein.

**FOR A TENTH DEFENSE**

53. This action is barred, in whole or in part, by the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, including its provisions regarding the exhaustion of administrative remedies and the limitations on attorneys' fees awards.

**FOR AN ELEVENTH DEFENSE**

54. To the extent that the Complaint seeks punitive or exemplary damages, it violates the right of the individual Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

**FOR A TWELFTH DEFENSE**

55. Defendants assert that the principle of respondent superior does not apply to actions brought pursuant to 42 U.S.C. § 1983.

**FOR A THIRTEENTH DEFENSE**

56. That at all times relevant hereto, Defendants were acting as governmental employees, engaged in the performance of their official duties, and are therefore immune from liability pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-8-10 et seq.

## FOR A FOURTEENTH DEFENSE

57. The Defendants allege any and all claims for punitive damages should be dismissed as such damages are not properly recoverable under the common laws of the State of South Carolina or the South Carolina Tort Claims Act, S.C. Code Annotated § 15-78-120(b).

## FOR A FIFTEENTH DEFENSE

58. The Defendants allege that they are immune from suit and liability under the doctrine of sovereign immunity.

## FOR A SIXTEENTH DEFENSE

59. The Defendants are entitled to immunity under *Long v. Seabrook* and its progeny.

## FOR A SEVENTEENTH DEFENSE

60. The Defendants further plead the specific provisions of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq., (Supp. 2004), encompassing all of the immunities, limitations and defenses granted or preserved by the Act, and codified as S.C. Code Ann. §§ 15-78-20; 15-78-30; and specifically, 15-78-60 (4), (5), (6), (17), (20), and (25); 15-78-70; 15-78-100; 15-78-120; and 15-78-200.

## FOR AN EIGHTEENTH DEFENSE

61. The Defendants are absolutely immune from Plaintiff's tort claims pursuant to S.C. Code Ann. §§ 15-78-40 and/or 15-78-50(b) of the South Carolina Tort Claims Act.

## FOR A NINETEENTH DEFENSE

62. The Individual Defendants, in their individual capacities, are immune from suit pursuant to the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-70(c).

**FOR A TWENTIETH DEFENSE**

63.	The Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of Plaintiff which is more than the Defendants' negligence, and that such is a complete bar to Plaintiff's recovery herein. Further, the Defendants, upon information and belief, allege that if Plaintiff's negligence was less than the Defendants' negligence, that such negligence should be compared to that negligence of the Defendants, so as to apportion the relative fault as to each party.

**FOR A TWENTY-FIRST DEFENSE**

64.	The Defendants allege, upon information and belief, that any injury or damages alleged in Plaintiff's Amended Complaint were due to, occasioned by, or caused by intervening acts on the part of someone other than the Defendants, without which acts Plaintiff would not have sustained any injuries or damages as are set forth in the Amended Complaint, all of which the Defendants plead as a bar to this action.

**FOR A TWENTY-SECOND DEFENSE**

65.	The Defendants assert that any injuries and damages sustained by Plaintiff as alleged in the Amended Complaint were due to and caused by the intervening criminal acts of a third party over which the Defendants had no control.

**FOR A TWENTY-THIRD DEFENSE**

66.	The Defendants assert the Public Duty Rule as a bar to Plaintiff's allegations, in whole or in part.

## FOR A TWENTY-FOURTH DEFENSE

67.     Defendants expressly reserve their right to amend this Answer, including the right to assert additional defenses, whether affirmative or otherwise, about which they presently lack knowledge or information, but which may become available or apparent during the course of this litigation, through discovery, or other means.

## FOR A TWENTY-FIFTH DEFENSE

68.     The individual defendants assert Rule 12(b)(2), (4) and (5) as a complete bar to this action.

Defendants expressly reserve their right to amend this Answer, including the right to assert additional defenses, whether affirmative or otherwise, about which they presently lack knowledge or information, but which may become available or apparent during the course of this litigation, through discovery, or other means.

Defendants expressly reserve their right to amend this Answer, including the right to assert additional defenses, whether affirmative or otherwise, about which they presently lack knowledge or information, but which may become available or apparent during the course of this litigation, through discovery, or other means.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendants pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

(signature on following page)

                          **GALLIVAN, WHITE & BOYD, P.A.**

**By:** <u>s/A. Johnston Cox</u>
      A. Johnston Cox, Fed Bar No. 6534
      Lindsay A. Joyner, Fed Bar No. 11557
      J. Clayton Mitchell, III, Fed Bar No. 11739
      Dylan R. Glick, Fed Bar No.13618
      1201 Main Street, Suite 1200 (29201)
      Post Office Box 7368
      Columbia, South Carolina 29202
      (803) 779-1833
      jcox@gwblawfirm.com
      ljoyner@gwblawfirm.com
      cmitchell@gwblawfirm.com
      dglick@gwblawfirm.com

*Attorneys for Defendants*

March 27, 2025